# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK K. COURTNEY,

    Plaintiff,

  v.

POOJA KANDEL, et al.,

    Defendants.

No. 2:18-CV-2052-KJM-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are Defendant Shadi Boutros's motion to dismiss (ECF No. 14) and Defendants Win and Kandel's motion to dismiss (ECF No. 22).[1] Defendant Boutros argues there are insufficient facts pleaded to establish deliberate indifference as the facts only establish a disagreement in medical procedure or at most negligence. In their separate motion, Defendant Win, Kandel, and Moore argue the complaint fails to state a claim against Defendant Moore because Plaintiff pleaded no facts related to Defendant Moore, the complaint alleges insufficient facts to state an Eighth Amendment claim against Defendants Win and Kandel, and Defendants Win and Kandel are entitled to qualified immunity. For the reasons set forth below,

---

[1] Moore also moved with defendant Win and Kandel for dismissal. Plaintiff, however, voluntarily dismissed Moore as a defendant to this action subsequent to the filing of the motion. The court does not address any arguments related to Moore as they are rendered moot by plaintiff's voluntary dismissal of Moore.

1

this Court recommends the motion to dismiss filed by Defendant Boutros be granted and the motion to dismiss filed by Defendants Win, Kandel, and Moore be denied.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed his civil rights complaint on July 27, 2019, asserting violations of his Eighth Amendment rights. ECF No. 1. On August 7, 2018, this Court screened the complaint and determined that sufficient facts existed for the complaint to pass screening and authorized service to Defendants Kandel, Win, Boutros, and Moore. ECF No. 4. Defendants returned the waivers of service on October 23, 2018, and October 30, 2018. ECF Nos. 19 and 21. Defendant Boutros filed his motion to dismiss on October 3, 2018. ECF No. 14. Defendants Win, Kandel, and Moore, filed their motion to dismiss Plaintiff's complaint on November 8, 2018. ECF No. 22. Plaintiff filed a motion to voluntarily dismiss Defendant Moore on December 3, 2018, and this Court granted that motion on March 26, 2019.

### B. Plaintiff's Claims

Plaintiff claims Defendants Boutros, Win, and Kandel violated his Eighth Amendment right to medical treatment by failing to adequately treat his mandibular fracture. ECF No. 1. Specifically, Plaintiff asserts that on December 13, 2017 Boutros performed an unnecessary procedure—placing wire in his mouth and wiring his mouth shut—when he was supposed to be replacing a rubber band. Id. Plaintiff asserts that on November 23, 2017, he was evaluated by Kandel and Win for a swollen left jaw. Id. Plaintiff claims Kandel stated that Plaintiff's jaw continued to get bigger during the few minutes he was being examined. Id. This, Plaintiff asserts, indicated he was in need of urgent medical treatment. Id. However, according to Plaintiff's, he was not treated, but rather sent back to his housing area for four days. Id. Plaintiff states during this time he was in a lot of pain, had no pain medication, and could not sleep, eat, or talk. Id. Plaintiff further alleges this delay in medical treatment caused his jaw to start healing incorrectly. Id.

///

## II. STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint. Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).
///

## III. DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See Id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

///

///

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In their separate motions, defendants argue plaintiff's complaint fails to state claims against them under the Eighth Amendment. Defendants Win and Kandel also argue they are entitled to qualified immunity.

### A. **Defendant Boutros**

Here, Plaintiff asserts Defendants Boutros violated his Eighth Amendment right against cruel and unusual punishment by performing an unnecessarily procedure involving the wiring of Plaintiff's mouth shut. Specifically, Plaintiff asserts Boutros wired his mouth shut when he was only supposed to replace a rubber band. Though this Court agrees with Plaintiff that this kind of action could likely amount to medical malpractice or negligence, the Court does not agree with Plaintiff that it rises to the level of a constitutional violation. See Estelle, 429 U.S. at 106 (negligence in treating a medical condition does not give rise to an Eighth Amendment violation). Taking Plaintiff's facts as true, Plaintiff has established that Boutros performed the wrong procedure—wiring his mouth shut instead of replacing rubber bands. This likely

establishes negligence or malpractice as Plaintiff could surely argue this was a breach of Boutros' duty of care, but it does not establish Boutros acted with deliberate indifference. This Court thus agrees with Boutros that the actions here amount at most to negligent treatment or medical malpractice, not a violation of the Eighth Amendment, and for that reason this Court recommends Defendant Boutros' motion to dismiss be granted.

### B. **Defendants Win and Kandel**

Defendant Win and Kandel argue the complaint should be dismissed for failure to state a claim against them. Here, Plaintiff asserts Defendants Win and Kandel violated his Eighth Amendment right to adequate medical treatment through their omissions—specifically by their failure to respond to Plaintiff's urgent medical needs related to his jaw fracture. Plaintiff's complaint, read liberally, indicates that Defendants Win and Kandel noticed Plaintiff's face was swelling, failed to provide medical treatment at that time, and sent Plaintiff back to his housing unit. These facts are sufficient to demonstrate a conscious or purposeful disregard for Plaintiff's medical needs because they establish the Defendants were aware of Plaintiff's face injury, Defendants were aware that it was getting worse as Plaintiff's face was getting progressively more swollen, and despite this, Defendants Win and Kandel sent him back to his housing area without pain medication or additional treatment. Accepting those facts as true, as this Court is required to, Plaintiff has stated a claim under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97 (1976). Defendants argue the complaint fails to plead sufficient facts to establish deliberate indifference because there are no facts indicating Win and Kandel were responsible for the four-day delay between the visit and the x-ray of Plaintiff's face, and because the four day delay amounts, at most, to a difference of a medical opinion/treatment or negligence. Defendants further contend that waiting to receive the results of any medical tests does not amount to deliberate indifference. This Court does not find the Defendants' arguments persuasive.

Though the Defendants take issue with the factual assertions present in the complaint, they fail to show that Plaintiff has not stated a claim for relief. Defendants' arguments are premised on facts that are either not present in the complaint or are contrary to those presented in the complaint. It would be improper at the motion to dismiss stage for the Court look to such

6

facts in ruling on this motion. <u>Outdoor Media Grp., Inc. v. City of Beaumont</u>, 506 F.3d 895, 899 (9th Cir. 2007) (holding the court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and judicially noticeable facts). This is especially true when, on the face of the complaint, Plaintiff has pleaded sufficient facts to state a cognizable claim, as Plaintiff has done here. Additionally, most of defendants' arguments for dismissal, though couched in terms of plaintiff's failure to state a claim, amount to arguments that the evidence does not support plaintiff's factual allegations or establish deliberate indifference. Under Rule 12(b)(6) the court must assume the truth of plaintiff's allegations; problems of proof are irrelevant. <u>See</u> <u>Allison v. California Adult</u> Authority, 419 F.2d 822, 823 (9th Cir. 1969).

Defendants Win and Kandel also argue they are entitled to qualified immunity. Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights. <u>Jeffers v. Gomez,</u> 267 F.3d 895, 910 (9th Cir. 2001) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982) ). When a court is presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established." <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001), <u>receded from</u>, <u>Pearson v. Callahan</u>, 555 U.S. 223 (2009) (the two factors set out in <u>Saucier</u> need not be considered in sequence). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." <u>Ashcroft v. al-Kidd</u>, 563 U.S. 731, 743 (2011). The existence of triable issues of fact as to whether prison officials were deliberately indifferent does not necessarily preclude qualified immunity. <u>Estate of Ford v. Ramirez–Palmer</u>, 301 F.3d 1043, 1053 (9th Cir. 2002).

"For the second step in the qualified immunity analysis—whether the constitutional right was clearly established at the time of the conduct—the critical question is whether the contours of the right were 'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.' " <u>Mattos v. Agarano</u>, 661 F.3d 433, 442 (9th Cir. 2011) (quoting <u>al-Kidd</u>, 563 U.S. at 741) (some internal marks omitted). "The plaintiff

7

bears the burden to show that the contours of the right were clearly established." Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011). "[W]hether the law was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition." Estate of Ford, 301 F.3d at 1050 (citation and internal marks omitted). In making this determination, courts consider the state of the law at the time of the alleged violation and the information possessed by the official to determine whether a reasonable official in a particular factual situation should have been on notice that his or her conduct was illegal. Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007); see also Hope v. Pelzer, 536 U.S. 730, 741 (2002) (the "salient question" to the qualified immunity analysis is whether the state of the law at the time gave "fair warning" to the officials that their conduct was unconstitutional). "[W]here there is no case directly on point, 'existing precedent must have placed the statutory or constitutional question beyond debate.' " C.B. v. City of Sonora, 769 F.3d 1005, 1026 (9th Cir. 2014) (citing al-Kidd, 563 U.S. at 740). An official's subjective beliefs are irrelevant. Inouye, 504 F.3d at 712.

With respect to the first prong, this Court concluded above Plaintiff has pleaded sufficient facts to allege Win and Kandel violated his Eighth Amendment right to medical care. Therefore, taken as true, the complaint establishes Defendants Win and Kandel violated plaintiff's constitutional rights. The remaining question for qualified immunity turns on facts which remain to be developed and thus, at this juncture, it would be premature for this Court to grant qualified immunity. Defendants are free to re-raise this issue in any future motion for summary judgment once the factual record has been developed.

///
///
///
///
///
///
///

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that

1. Defendant Boutros's motion (ECF No. 14) to dismiss be GRANTED; and
2. Defendants Win and Kandel's motion to dismiss (ECF No. 22) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 8, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE