1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DERRICK K. COURTNEY,                    No.  2:18-CV-2052-KJM-DMC-P

12                    Plaintiff,

13         v.                                ORDER

14   POOJA KANDEL, et al.,

15                    Defendants.

16   _____

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for the appointment of counsel

19   (ECF No. 33).

20            The United States Supreme Court has ruled that district courts lack authority to

21   require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22   Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26   on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27   complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28   dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

                                                1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Though this Court recommended Defendants' Win and Kandel's motion to dismiss be denied, there is no indication Plaintiff has any likelihood of success on the merits of his claims. In fact, this Court expressly left open the door for Defendants to assert a defense of qualified immunity at a later time. Further, Plaintiff has not demonstrated that his claims are so complex that he requires legal counsel. Plaintiff's remaining claims are traditional Eighth Amendment claims related to the denial of medical treatment, and Plaintiff has proven capable of prosecuting these claims. Because there is no indication that Plaintiff will be successful on the merits and no indication the legal issues are so complex Plaintiff is unable to articulate his claims, this Court must deny his motion for appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 33) is DENIED.

Dated: September 5, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE