IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK K. COURTNEY,<br><br>Plaintiff,<br><br>v.<br><br>POOJA KANDEL, et al.,<br><br>Defendants. | No. 2:18-CV-2052-KJM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Defendants' motions to dismiss are pending before the court. ECF Nos. 14, 22. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On May 8, 2019, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. Defendants Win and Kandel filed timely objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

1

The court writes separately to address defendants' objections and clarify the magistrate judge's recommendation regarding qualified immunity.

Defendants Win and Kandel object to the magistrate judge's recommendation that the court deny qualified immunity. Objs., ECF No. 32, at 2. They argue the magistrate judge did not consider facts set forth in documents attached to plaintiff's complaint and, as such, erred in denying qualified immunity. Defendants assert the attached documents indicate plaintiff received an order for an x-ray, ice, primary care follow-up, and medication for pain management. *Id.* at 4. This, defendants argue, contradicts plaintiff's allegation that he was sent back to his housing unit without pain medication or treatment. Defendants assert this is especially true because the attached treatment notes state plaintiff was "able to firmly hold a tongue blade between [his] upper and lower teeth when twisted" and that he "denied loose [] teeth." *Id.*

"On a motion to dismiss, the Court is restricted to the allegations and facts stated in the Complaint." *Kenney v. Hawaii*, 109 F. Supp. 2d 1271, 1279 (D. Haw. 2000) (citations omitted). "When . . . defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), 'dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies.'" *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)). Therefore, on a motion dismiss, the court's analysis of defendants' qualified immunity defense is limited to the allegations of the operative complaint, accepted as true, that defendants deliberately delayed medical attention when presented with plaintiff's serious medical needs.

The magistrate judge correctly concluded defendants Win and Kandel are not entitled to qualified immunity at this early stage. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Two factors are at work in determining whether the defense of qualified immunity applies: (1) whether the facts alleged, viewed in the light most favorable to the plaintiff, "make out a violation of a constitutional right"; and (2) "whether the right at issue

2

was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 232 (internal citation omitted). The court is not required to consider the two steps in sequential order, and may find a defendant entitled to qualified immunity if either factor is absent. *Id.* at 236–37.

Defendants argue "[e]xisting precedent has not placed beyond debate that a four-day wait for an x-ray following a medical examination, *treatment* and order for the x-ray when Plaintiff could firmly hold a tongue depressor between his teeth and had no broken teeth, could violate Plaintiff's Eighth Amendment rights." Objs. at 5 (emphasis added). Defendants' argument rests on the assumption that plaintiff, in fact, received adequate medical treatment. Plaintiff's complaint alleges defendants did not treat his injury for four days, and did not provide pain medication, Compl., ECF No. 1, at 4, and it ia these allegations the court accepts as true at this juncture. Even if the court considers the documents attached to the complaint, which are not purely treatment notes but rather administrative grievance records, plaintiff has not pled himself out of a claim. Here, 'the general law regarding the medical treatment of prisoners was clearly established at the time of the incident. Furthermore, it was also clearly established that the officers could not intentionally deny or delay access to medical care." *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002) (citing, respectively, *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992); *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Accordingly, qualified immunity is not warranted at this stage on this record.

Whether defendants were, in fact, deliberately indifferent to plaintiff's serious medical needs for failing to treat and delaying the treatment of his progressively swelling jaw turns on facts yet to be developed, and then consideration of those facts in light of dearly established law. Consequently, the magistrate judge properly determined it would be premature to grant qualified immunity at this stage.

Accordingly, IT IS HEREBY ORDERED that:
1. The findings and recommendations filed May 8, 2019, are adopted in full with the clarifications above;

////

3

2. Defendant Boutros's motion to dismiss (ECF No. 14) is GRANTED;
3. Defendants Win and Kandel's motion to dismiss (ECF No. 22) is DENIED;
4. The Clerk of Court is directed to terminate defendant Boutros from this case;
5. Defendants Win and Kandel shall file an answer to plaintiff's complaint within 30 days of the date of this order; and
6. This case is referred back to the assigned magistrate judge for all further predispositive matters.

DATED: September 30, 2019.

_____
UNITED STATES DISTRICT JUDGE